FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMIRA N., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> ACTING COMMISSIONER OF <br> SOCIAL SECURITY, <br><br> Defendant. | No. 2:21-CV-00109-JAG <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 18. Attorney Dana Madsen represents Amira N. (Plaintiff); Special Assistant United States Attorney Nancy Zaragoza represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

### I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 4, 2019, alleging disability since April 20, 2013[1], due to depression, PTSD, neck,

---

[1] Plaintiff later amended her alleged onset date to the protected filing date, February 2, 2019. Tr. 36.

spine, shoulder, arm, headaches, back, knees, foggy left eye, asthma, allergies, high blood pressure, and unusual menstrual bleeding. Tr. 63-64. The application was denied initially and upon reconsideration. Tr. 96-101, 108-12. Administrative Law Judge (ALJ) Lori Freund held a hearing on August 13, 2020, Tr. 31-62, and issued an unfavorable decision on September 3, 2020. Tr. 15-25. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on January 13, 2021. Tr. 1-5. The ALJ's September 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 8, 2021. ECF No. 1.

## II.    STATEMENT OF FACTS

Plaintiff was born in 1977 and was 41 years old when she filed her application. Tr. 24. She is a Syrian refugee, having fled the war in 2012, and spent four years in Turkey before resettling in the United States. Tr. 291, 506. She does not speak English and has no formal education in Arabic and cannot read or write. Tr. 507, 574. She had struggled with symptoms of PTSD from exposure to war, including many deaths in her family, and has experienced depression over her daughter's birth defect and subsequent leg amputation. Tr. 307.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at

1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 3

## V.    ADMINISTRATIVE FINDINGS

On September 3, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At *step two*, the ALJ determined Plaintiff had the following severe impairments: cervical degenerative disc disease, lumbar degenerative disc disease, obesity, asthma, PTSD, and major depressive disorder. *Id.*

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertional work, with the following additional limitations:

> She should never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. She should avoid unprotected heights and hazardous machines as well as avoid concentrated exposure to pulmonary irritants, extreme cold, and heavy industrial vibration. She would be limited to simple and repetitive tasks. She could have occasional changes in a work setting. She should avoid fast paced or timed production work.

Tr. 20.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At *step five* the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of laundry sorter, hand packager-inspector, and electronics worker. Tr. 24-25.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 4

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 25.

## VI.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by: (1) improperly discrediting Plaintiff's symptom claims; and (2) failing to properly consider and weigh the opinion evidence.

## VII.   DISCUSSION

A.   **Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions from consultative examiner Dr. Karen Mansfield-Blair and the medical expert who testified at the hearing, Dr. Jay Towes.  ECF No. 13 at 15-17.

For claims filed on or after March 27, 2017, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source.  20 C.F.R. § 416.920c(c).  The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program).  *Id.*  The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920c(b).  The ALJ may explain how they considered the other factors, but is not required to do so, except

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding Ninth Circuit case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

Plaintiff attended a consultative psychological exam with Dr. Mansfield-Blair in June 2019. Tr. 506-10. She diagnosed Plaintiff with unspecified depressive disorder and rule out PTSD. Tr. 509. She opined Plaintiff would have difficulty with simple and repetitive tasks, performing tasks on a daily basis without special or added instruction, and maintaining regular attendance and completing a normal workweek without interruption from psychological symptoms. Tr. 510.

At the hearing, Dr. Toews testified that that the diagnoses of PTSD and major depressive disorder were present, but that they did not meet or equal a listed impairment. Tr. 47-49. He testified that he agreed with the limitations noted by

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

Dr. Mansfield-Blair, and that Plaintiff may have a great deal more difficulty than was indicated by Dr. Mansfield-Blair. Tr. 50. While he believed Plaintiff would be able to do some type of simple and repetitive job, with patience, he also stated he agreed she would have difficulty performing on a daily basis without special or added instruction and that there could be a moderate level of disruption in her attendance due to her mental conditions. Tr. 50-51. He also stated Plaintiff would have moderate difficulty dealing with the usual stress in the workplace, and appeared to agree that Plaintiff would have some absenteeism. Tr. 52.[2]

The ALJ found Dr. Mansfield-Blair's report to be somewhat persuasive, noting that the mental status exam in the report was mostly within normal limits and that some limitations on testing were due to Plaintiff's lack of education. Tr. 22. The ALJ further found Dr. Mansfield-Blair's report to be inconsistent with the largely benign mental status exams of record. *Id.*

The ALJ found Dr. Toews' opinion to be persuasive, finding it to be mostly consistent with the benign mental status findings and to be consistent with the state

---

[2] The precise exchange with Plaintiff's representative was as follows:

> Q: In Dr. Blair's report, she says [Plaintiff] would have difficulty maintaining regular attendance, precluding a normal workday and workweek without interruption from the psychiatric conditions, so would that mean she would have absenteeism?
>
> A: I would agree with that.

Tr. 52. Defendant argues Dr. Toews was simply agreeing with Plaintiff's interpretation of what Dr. Mansfield-Blair's opinion said, and not stating that he agreed with the assessed limitations. ECF No. 18 at 18. The Court finds this interpretation unpersuasive in context of the remainder of the testimony.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 7

agency doctors' reports. *Id.* The ALJ further noted Dr. Toews had specialized expertise and program knowledge. *Id.*

Plaintiff argues the ALJ erred, as the RFC is only supported by the opinions from the state agency doctors, which do not constitute substantial evidence on their own as they are inconsistent with the other opinion evidence and contrary to all other records. ECF No. 13 at 16. Defendant argues the ALJ reasonably considered the opinion evidence under the revised regulations, and adequately discussed consistency and supportability. ECF No. 18 at 13-15. Defendant further argues Plaintiff mischaracterizes Dr. Toews' testimony as disabling, and asserts the ALJ reasonably translated Dr. Toews' testimony into an adequate RFC. *Id.* at 15-18.

The Court finds the ALJ's discussion is not supported by substantial evidence and is internally inconsistent. While the ALJ claimed to find Dr. Toews' testimony to be persuasive, she failed to account for the fact that Dr. Toews said Plaintiff was *more* impaired than Dr. Mansfield-Blair found. The RFC also does not account for Dr. Toews' testimony that Plaintiff would have absenteeism, or include any limitations on additional instruction or having a patient supervisor. While Dr. Toews did not specifically quantify these limitations, it is up to the ALJ to translate medical opinion testimony into a functional RFC. Because the ALJ did not incorporate all of Dr. Toews' testimony and offered no reasons for disregarding portions of it, the ALJ erred.

On remand, the ALJ shall reconsider the medical opinion evidence and reassess the RFC and remaining steps of the sequential evaluation process.

B.  **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 13 at 12-15. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's findings, however, must be

supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's complaints were unsupported by the objective evidence of record and undermined by evidence of limited mental health treatment, inconsistent evidence throughout the record, Plaintiff's limited work history since leaving Syria, and the lack of any disabling opinions from any medical source. Tr. 21-22.

Plaintiff argues the record supports her claims of significant depression and PTSD as a result of her exposure to trauma, and that Dr. Toews and Dr. Mansfield-Blair both assessed significant limitations. ECF No. 13 at 13-14. She further argues the ALJ improperly discredited her based on her minimal daily activities. *Id.* Defendant argues the ALJ reasonably considered evidence of lack of treatment, unsupportive mental status exams, inconsistent statements, and unsupportive medical opinions assessing moderate limits at most. ECF No. 18 at 3-9.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

Because this claim is being remanded for reconsideration of the medical opinion evidence, on remand the ALJ shall also reconsider Plaintiff's subjective testimony, considering the record as a whole.

## VIII.  CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made. Additional administrative proceedings could remedy defects.

The ALJ's decision is not supported by substantial evidence.  On remand, the ALJ shall reevaluate Plaintiff's subjective statements and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

2.  Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3.  The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  An application for attorney fees may be filed by separate motion.

5.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 20, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11